

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio, Inc., Disney Enterprises, Inc., and DC Comics,<br><br>Plaintiffs,<br><br>v.<br><br>Eden Sports, Inc. a/k/a SY Sportswear, Inc. a/k/a SY Sports a/k/a Lee's Family, Inc. d/b/a Lee's Family Wholesale & Manufacture; Susan Yoon; Bok Cho Lee; Kunbok Yoon a/k/a Kun Bok Yoon a/k/a Kumbok Yoon a/k/a Kum Bok Yoon, and Does 1 – 10, inclusive,<br><br>Defendants. | Case No. CV10-897 CBM (AGRx)<br><br>PERMANENT INJUNCTION |

This cause having come before this Court on the motion of Plaintiffs Sanrio, Inc. ("Sanrio"), Disney Enterprises, Inc. ("Disney") and DC Comics (collectively "Plaintiffs") for entry of default judgment and permanent injunction against Defendants Eden Sports, Inc. a/k/a SY Sportswear, Inc. a/k/a SY Sports a/k/a Lee's Family, Inc. d/b/a Lee's Family Wholesale & Manufacture ("Eden Sports"), Susan Yoon ("Yoon"), Bok Cho Lee ("Lee") and Kunbok Yoon a/k/a Kun Bok Yoon a/k/a Kumbok Yoon a/k/a Kum Bok Yoon ("KBY") (collectively "Defendants");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiffs' Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Plaintiffs are the owners of all rights in and to certain copyright registrations including, but not limited to, the copyrights which are the subject of the registrations: Hello Kitty (VA 130-420); *Peter Pan* (RE 64-027); *Snow White and the Seven Dwarfs* (R 354-235); *Cinderella* (R 648-396); *Sleeping Beauty* (RE 296-296); *The Little Mermaid* (PA 431-543); *Beauty and the Beast* (PA 542-647); *Aladdin* (PA 583-905); *Cars* (PA 1-322-908); *The Incredibles* (VA 1-242-351); *Hannah Montana* (VA 1-403-647); Batman (TX 5-593-467); and Superman (TX 5-581-762) (collectively "Plaintiffs' Copyrights");

Plaintiffs have complied in all respects with the laws governing copyrights and secured the exclusive rights and privileges in and to Plaintiffs' Copyrights;

The appearance and other qualities of Plaintiffs' Copyrights are distinctive and original;

Defendants engage in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized counterfeit merchandise featuring Plaintiffs' Copyrights ("Counterfeit Product").

Defendants' importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Counterfeit Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to Plaintiffs' Copyrights. The devices, emblems, and artwork on the Counterfeit Product are not just "confusingly similar" to Plaintiffs' Copyrights, they are almost identical.

Plaintiffs have instituted this action for an entirely proper and appropriate purpose, solely to vindicate and enforce compliance with their rights which have been knowingly and willfully infringed by Defendants and to recover for infringement of such rights. Plaintiffs' action was not brought frivolously. In contrast, Defendants' infringing conduct is a clear and unmistakable violation of Plaintiffs' rights. Defendants' conduct has been patently unreasonable and egregious, violating Plaintiffs' rights by appropriating and featuring Plaintiffs' Copyrights on counterfeit product, when Defendants intended, or knew or should have known, that such infringing activity would likely injure Plaintiffs' names and reputations, requiring Plaintiffs to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain Defendants' recognition and compliance with Plaintiffs' rights. Considerations of appropriate compensation and adequate deterrence also militate in favor of granting Plaintiffs an award of attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

The liability of the Defendants in the above-referenced action for his acts in violation of Plaintiffs' rights is knowing and willful, and as such the Court expressly finds that there is no just reason for delay in entering the permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1)   This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Service of process was properly made on the Defendants.

2)   Defendants have distributed, sold, and offered for sale counterfeit merchandise which infringes upon Plaintiffs' Copyrights.

3) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiffs' Copyrights, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any merchandise which features any of Plaintiffs' Copyrights, and, specifically:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Counterfeit Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Copyrights;

        ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Copyrights;

4) Defendants are ordered to deliver for destruction all Counterfeit Products, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Copyrights and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiffs' Copyrights or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

5) The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendants.

6) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction.

DATED: Dec. 17, 2010



Hon. Consuelo B. Marshall
District Judge, United States District Court for the Central District of California